Our next case is Brown v. McDonough number 23-1847 Our next case is Brown v. McDonough number 23-1847 Mr. Carpenter, you have reserved five minutes for rebuttal, is that correct? Was this the second or third time I see you this week? Second time, but I saw you on remote rather than in person. I hope we're both better in person. You may proceed. Thank you. May it please the court, Kenneth Carpenter appearing on behalf of Mr. Thaddeus Brown. At issue in this case is whether or not the Veterans Court erred in relying upon a misinterpretation of the provisions of 38 CFR 3.156B. 3.156B is a provision within the legacy appeals system that provided for a regulatory exception to finality that allows for the finding of a pending claim when new and material evidence has been received within two specified periods of time, which were the applicable time periods in this case. It seems to me, Mr. Carpenter, that you just recited the big hill you have to climb, and that is new material evidence. I don't see how this, the information that you're going to argue to us, the underlying information, I can't see how that would be new and material evidence. Well, Your Honor, it would be new and material evidence because in the original denial, it was denied. It happened when? In 1991. That's okay. But that is the entire regulatory function of 3.156C, when there is a denial of a benefit and the VA receives within these two specified periods of time, in this case within one year after the denial, new and material evidence. VA received new and material evidence in the form of a VA examination, which diagnosed Mr. Brown with post-traumatic stress disorder. Can I just ask, I'm going to shift the focus for a minute from 1991 and to, I guess, 1998. Let me just tell you how I'm understanding things, and you'll tell me where I've gone wrong. In 1998, the board considered this evidence, concluded that on the merits, it did not change the result as to PTSD. So later, when there's a 2005 claim, which is ultimately, I guess, the claim that that's at issue here, it just took a long, long time to get up here. The Veterans Court said, well, there was a final determination in 1998 by the board that this evidence makes no difference. And therefore, there is no issue of new and material evidence left. We know it's not material. But, Your Honor, that's... What's wrong with... Have I misunderstood the Veterans Court decision? No, Your Honor. I believe that's a correct characterization. What's wrong with that? What's wrong with that is that's inconsistent with the language of 3.156B, as has been interpreted by this court in both bond and fraud. And specifically, in Barad, this court said that when there is not an assessment of the new and material evidence received, that that claim remains open until the VA determines whether or not the post-decision evidence received within the one-year period was new and material. What the Veterans Court did is to transpose that obligation to an obligation that the board could perform in the course of a consideration of a claim many years later. The operation of 3.156B... The consideration of the same claim with an expanded evidentiary basis that included the March or May 1992 exam, right? Yes, Your Honor, it did. But as this court described, the role of 3.156C for VA adjudicators is that it is an affirmative duty, a self-imposed obligation by the secretary, that when they receive that new and material evidence, they are required to make an assessment as to whether or not that evidence is, A, new and material, and, B, relates back to the original claim. Both of those preconditions apply here, and they cannot then be applied in the future when the VA examines it a second, third, or, in this case, potentially a fourth time. The operation of 3.156C is, if you will, time-sensitive and decision-sensitive, and the decision that was to be reconsidered, or, excuse me, was to be examined as to whether or not the new and material evidence of a diagnosis of PTSD was that original denial in the 1990s. And that simply was not done here. In October 2009, the board did do exactly what you're asking, isn't that right? The board did so, yes, Your Honor, but the board is not who is charged with doing that. The board is an appellate body. So what, if you were right on the interpretation and we sent it back, what exactly would the ultimate relief be? That the secretary, that a regional office, has to decide, is it new and material, and is there a valid claim for PTSD? Well, actually, all they have to do is determine whether or not the evidence received was new and material and related back to the original claim. In that case, the original 1991 claim would be pending as a matter of law. That is the regulatory function of 3.156B. But even though you can see the board has subsequently done that, you would ultimately see this case going in a direction where someone would make the regional office do that same new and material analysis. Which is what the board should have done in each of the times in which it was taking up the question in the number of board decisions that addressed the question of what was his original claim. And I would also point out to the court that the evidence that was received was not only a diagnosis of PTSD, but a VA examination which was conducted in March of 1992. That examination diagnosed probable bipolar disorder with exacerbation under stress and PTSD. So now we have injected into this original claim a disability other than PTSD, which is what was granted here. And the obligation of the VA is to fully and sympathetically develop the record to determine whether or not the veteran is entitled to the benefits in 1990, not entitled to the benefits in 2022 when they finally made, or 23, when they made the decision in this case. I have a question about our jurisdiction. As I understand the Secretary's argument to us, this all comes down to whether the PTSD claim was in front of the Court of Appeals for Veterans Claims. And that deciding what claims are in front of that court is a factual analysis for them to do, and we can't review that. It seemed like you were not contesting that, which would lead to the conclusion, I think, that we don't have jurisdiction. So you must be contesting it. Help me out with what your position is. Well, my position is, is because of the nature of the Secretary's own regulation, that he created a regulation that suspends adjudication until specific regulatory requirements are met. And therefore, the claim, which was for an acquired psychiatric disorder or a mental disorder that was a resulting disability from his period of service, which this board, after decades, finally agreed that there was a relationship between his mental disorder disability and his military service. That examination, that consideration should have been made in the first instance by the VA in the early 1990s. But what I'm hearing there is the PTSD claim, in your view, was before the board in the appeal that we're now part of. Therefore, it was in front of the Court of Appeals for Veterans Claims. Yes. The argument from the Secretary, as I understand it, is they don't think it was before the Court of Appeals for Veterans Claims. But whether it was or it wasn't, that's a factual question for them to determine, over which we have no jurisdiction to review. Well, I respectfully disagree with that notion, Your Honor, because a claim, as this court decided in Saunders, is based upon a resulting disability. Mr. Brown's resulting disability is a psychiatric disability. You cannot, as the VA has attempted to do here, differentiate between claims for a disability from a psychiatric disorder and say they are in different classes based upon their diagnoses. There's only one claim here, and that claim is for service connection for a mental disorder. I'll reserve the balance of my time, unless there's further questions from the panel. Okay. Thank you. Thank you, Your Honor. Counselor Welch? Good morning, Your Honors, and may it please the Court. I wanted to start with what Mr. Carpenter just finished talking about, the difference between psychiatric and whether or not this was before the board. What was before the board, because he did not appeal, Mr. Brown did not appeal in 2009, the PTSD claim, was psychiatric claims other than PTSD. It says very clearly that the Veterans Court was looking only at claims beyond PTSD, so it wasn't a full scope of all these mental conditions. It was specifically excluding PTSD because it wasn't appealed. As Judge Stark pointed out, we believe there is no jurisdiction over these claims because of the fact that he didn't seek review of this October 2009 denial of the request to reopen the claim. And just to close the loop, your view is that under our decision in Tyrus, he was required to appeal the PTSD part in 2009? Yes, correct, within 120 days, and he did not. On what date? October 2009, the decision, he must have appealed that to the Veterans Court within 120 days on PTSD, and he did not. He appealed it on these claims other than PTSD, these psychiatric claims. In connection with that decision, the board had found that Brown failed to provide new and material evidence, right? Yes, Your Honor, correct. But they remanded to, on this other, on this psychiatric disability? Yes. But not on the PTSD? Yes, Your Honor, correct. And the PTSD portion of that finding, it was not appealed? No, it was not appealed because they looked at multiple times. There was not, there's not an issue, and your first question was about the hill they had to climb in relation to this new material evidence standard. The new material evidence was considered all the way back in the 1998 decision, the September 19th. Could you just stay for a minute with the 2009 decision?  Where does it say that it was not finding the March, is it March or May 1992? The exam in 1992 was in March. Where does the board say in its 2009 decision that the March 1992 examination evidence is not new material? It doesn't say that. It says that service connection for PTSD was denied in May 2001, and that's at Appendix 175. And that has to do with the March 1992 examination. What about 167? Isn't that an order in reference to a lack of new material evidence for the PTSD claim? Yes, it is. And new and material as of when? I took that to mean new and material after 2001, not back to 1992. In 2001, it's restating the fact that in 2001, in that second request, the RO again denied service connection on the merits in relation to the PTSD claim, stating that it had been reopened and denied previously, so it was final. And that was in relation to the 1998 denial in relation to new material evidence. I guess here is my confusion. In your brief, you talk about the 1998 decision. We haven't quite got there yet. But you also talk about the 2009, and maybe you even, I think, place emphasis on the 2009. And I'm having some trouble seeing that the board in 2009 said that the March 1992 examination material was not new and material. So at one... You know, comparing it to the 1991 RO decision. Right. So in appendix 163, it says also record was a report of the 1992 VA examination. And that is in the October 2009 decision, and this is under the subheading new and material evidence. So that was when they were discussing evidence for PTSD in relation to new and material evidence, and they do mention the 1992 examination again. What page was that, sorry? Appendix 163. Thank you. Is there some deficiency in just focusing on the 1998 decision when the board, I think, clearly considered that evidence and concluded that it did not support a PTSD diagnosis, a service-connected PTSD diagnosis? Is that somehow different from a determination whether the March 1992 exam evidence was new and material? Could it be not result-changing but still new and material compared to what was in front of the RO in 1991? Well, in 1991, the exam wouldn't have been before the board because it happened, or the RO, because it happened in 1992. But in 98, they do specifically, they go through all the items within that March 1992 exam, and they discuss very specifically why it is that he does not have this... Let me see if I can make the question that is in my mind clear. So I think it is clear, for purposes of this question, assume I agree that it is clear that in the 1998 decision, the board says, I'm considering all the evidence, including the March 1992, and we think that service-connected PTSD is not supported. Maybe that's actually not the same conclusion as a conclusion that comparing the 1991 material that was in front of the RO and the March 1992 examination, that the March 1992 examination is not new and material compared to the RO 1991 material. And that, I think, is the question that Mr. Carpenter wants considered and said has never been considered. I don't think the facts bear that out. Appendix pages... Which part of it? 63 to 65. I don't think it bears out that they did not consider this as new and material evidence. They discuss, if we go to... So, first of all, appendix page 60, in the first paragraph of the talk, they discuss the RO decision from 1991, and they discuss the standard at the bottom of that sentence, 3.156, for new material evidence. And then, if you flip a few pages to 63, that's where they discuss in depth this VA exam, this March 1992 VA exam. So, I think that shows very specifically that they were looking at this exam in relation to the 1991 claim as new and material evidence. Okay. If there are no further questions... No, thank you. The Court should dismiss this appeal for lack of jurisdiction. Thank you, Your Honors. Thank you very much. Mr. Carpenter, you have five minutes. Thank you, Your Honor. The government's attempt to rely upon TIRUS is not valid in this case. TIRUS deals with the alternative theories of entitlement and the right to bring those different theories in different claims. Isn't it almost a commonplace that a PTSD claim is a different claim from a other psychiatric disorder claim? It would be from the extent that there are specific requirements for corroboration of a credible supporting evidence, I'm sorry, of an event in service. But the claim itself, regardless of the requirements to grant that claim, are only for the award of a psychiatric disability. If you examine the language in 3.304, it specifically references the fact that there must be a diagnosis under DSM. And therefore, we look at the general rating formula for evaluating mental disorders, and regardless of your diagnosis, PTSD or depression or bipolar disorders, they are all rated by the VA under the same rating formula. So the resulting disability under 1110 is the acquired psychiatric disorder, the mental disorder that is disabling. So just for purposes of the jurisdiction, the 2009 decision of the board, that's the one that starts at what, 134? No, 133? Is that right? Yes. When the board sends out a decision like that, does it include a variety of instructions about taking appeals? It does, yes. And that's not attached here, right? You happen to know whether in that set of pages that say, Dear Veteran, you've won on this, you've lost on this, you have to appeal this, whether that said the PTSD separate heading portion of this October 2009 decision? It would have only referred to the decision made by the board generically, and that you have the right to appeal any of the decisions. And as the court concedes, there were multiple issues that were addressed, but it does not refer to any of those issues individually. But in this case, Your Honor, we're dealing with a question of regulatory interpretation, which has already been made by this court in Bond and Barad about the operation of 3.156C. And the government's contention that Mr. Brown did not appeal any of these later decisions begs the regulatory question that is presented by the Secretary's own regulation. You can't appeal a non-final or pending claim. There's nothing to appeal. You can only appeal a final decision. If this claim was pending because the requirements of 3.156B were met in the mid-1990s, then that means that claim, that original claim, remains pending. There is no proceeding to reopen. You reopen under 5108 or 3.156B. Are these questions a fact? No, Your Honor, those are questions of law. I know it's interpreting the regulation, but aren't you applying facts to that? No, Your Honor. This court in both Bond and Barad made interpretations of 3.156B and explained the Secretary's decision to invite this kind of scrutiny, which is if the VA receives what could be considered to be new and material evidence within two specific time periods, then the Secretary imposed upon himself the obligation to pause, to go back and make what is referred to in the decisions an assessment to determine those two requirements. Was the evidence new and material and did it relate back to the original claim? No. Those two criteria are met in this case because there was no diagnosis of PTSD and then there was a diagnosis of PTSD as well as another psychiatric disorder. So that claim is pending. Everything that happened after that is ineffectual as a matter of law because under the title of 3.156B, it is a determination that a claim is pending. And the original claim for Mr. Brown was pending in this case and we urge this court to make that determination and send this back to the Veterans Court. Thank you, Mr. Farber. Thank you very much, Your Honor.